IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


```
------------------------------------------------       :
CATHY ANTHONY, et al.                                   :   CASE NO.  1:99 CV 943
                                                        :
                                    Plaintiffs,         :
                                                        :   MEMORANDUM OF OPINION AND
                         -vs-                           :   ORDER
                                                        :
                                                        :
UNITED TELEPHONE COMPANY OF                             :
OHIO (aka SPRINT),                                      :
                                                        :
                                    Defendant.          :
------------------------------------------------       :
```

UNITED STATES DISTRICT JUDGE LESLEY WELLS

On 2 August 2002, this Court granted summary judgment in favor of defendant

United Telephone Company of Ohio, aka Sprint ("Sprint") on plaintiff Cathy I. Anthony's

("Anthony") claims that Sprint violated the Americans with Disabilities Act of 1990,

42 U.S.C. § 12101 et seq. ("ADA") and the Family and Medical Leave Act, 29 U.S.C.

§ 2601 et seq. ("FMLA") when it terminated her employment with the company.  (ECF

#70).[1]  This Court entered judgment in Sprint's favor and Ms. Anthony appealed the

disposition to the Sixth Circuit Court of Appeals.  (ECF #71, 72).  On 18 October 2004, the

Sixth Circuit issued an order affirming this Court's decision and issued the mandate in this

case on 9 November 2004.  (ECF #75, 76).

Currently before the Court is Sprint's timely Motion to Tax Costs against Ms.

---

[1]Ms. Anthony also sought her claim against Sprint on behalf of her minor son Oliver.  As a minor
dependent of Ms. Anthony's, Mr. Oliver bears no responsibility for reimbursing Sprint for its costs pursuant
to Rule 54(d)(1).

Anthony, pursuant to Fed. R. Civil P. 54(d)(1) and 28 U.S.C. § 1920.  (ECF #77).  Sprint

seeks reimbursement of costs totaling $3,157.21.  In its itemized Bill of Costs, Sprint

seeks reimbursement for court reporter fees and preparation of Ms. Anthony's deposition

transcripts, conducted over the course of three days ($2,408.31), along with costs

associated with the duplication of eight other deposition transcripts ($748.90).  (ECF #77,

Exhibit A. Defendant's Bill of Costs; Declaration of Counsel, Stronczer Aff. at ¶¶ 3-11).[2]  In

response, Ms. Anthony first filed a motion for an extension of time to file an affidavit of

indigency.  (ECF #78).  She then filed an opposition brief, without any supporting affidavit,

asking this Court to deny Sprint's Bill of Costs in its entirety on account of her indigency.  In

her two paragraph response in opposition, Ms. Anthony recounts that she is unemployed,

has undergone hand surgery, and faces mounting medical bills for attention required of

both her sons, Oliver and Michael.  (ECF #79).  On 19 January 2005, Sprint filed a reply to

Ms. Anthony's opposition motion.  (Docket #80).  In its reply, Sprint challenges the lack of

supporting evidence for Ms. Anthony's financial condition and maintains that she has

provided insufficient information to establish her inability to reimburse the defendant for its

costs, now or in the future.

## I. TAXATION OF COSTS TO THE PREVAILING PARTY

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "costs other than

attorneys' fees shall be allowed as of course to the prevailing party unless the court

---

[2]The Court notes a clerical error in the Declaration of Counsel at ¶ 3 in which Ms. Stronczer
declares that "Sprint was required to incur $3,157.21 for deposing and preparing the transcripts of the
plaintiff."  In the context of the complete pleadings, the Court recognizes that defendant actually seeks
$2408.31 for deposing Ms. Anthony, which along with other declared costs, total $3,157.21.

otherwise directs."[3]   Rule 54(d)(1) creates a presumption in favor of an award of costs,

White & White, Inc. v. American Hosp. Supply Corp., 786 F.2d 728, 730 (6th Cir. 1986), but

"allows denial of costs at the discretion of the trial court."  Singleton v. Smith, 241 F.3d 534,

539 (6th Cir. 2001).  As this Circuit has recognized, "[i]t is incumbent upon the unsuccessful

party to show circumstances sufficient to overcome the presumption favoring an award of

costs to the prevailing party."  White & White, Inc., 746 F.2d at 731.

The costs recoverable under Rule 54(d) are defined in 28 U.S.C. § 1920. Crawford

Fitting Co. v. J.T. Gibbons, 482 U.S. 437, 441-42 (1987) (Section 1920 "enumerates

expenses that a federal court may tax as a cost under the discretionary authority found in

Rule 54(d)").  Section 1920 provides that, among other things, a judge may tax the

following costs:

> (1) Fees of the clerk and marshal;
>
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> * * *

28 U.S.C. § 1920.

In Singleton, this Circuit identified several factors a losing party may assert in an

effort to overcome the presumption favoring taxation of costs, including "good faith, the

---

[3]  Although Rule 54(d)(1) refers to the taxation of costs by the clerk, "the district court has the inherent and statutory authority to act on motions related to costs prior to any action by the clerk."  BDT Products, Inc. v. Lexmark Intern., Inc., 405 F.3d 415, 419 (6th Cir. 2005).

difficulty of the case, the winning party's behavior, and the necessity of the costs,"

Singleton, 241 F. 3d at 539.  While the Singleton court determined that a winning party's

ability to pay its own costs remained irrelevant, the indigency of the losing party might arise

as a factor in denying costs.  Id.; See, e.g. Crow v. Best Buy, Inc., 299 F. Supp 2d 802, 803

(N.D. Ohio 2004) (concluding that winning party was not entitled to costs where non-

prevailing party had established indigency and contentions of indigency were

unchallenged).  However, this Circuit continues to maintain that in forma pauperis status

"would not by itself provide an automatic basis for denying taxation of costs against an

unsuccessful litigant."  Id.; See Hampton v. Hobbs, 106 F.3d 1281, 1285 (6th Cir. 1997).

## II. DISCUSSION

Ms. Anthony maintains that Sprint's Bill of Costs should be denied outright due to

her indigent status.  The plaintiff argues that she has been unemployed since she lost her

job with Sprint, and that she faces medical expenses associated with her son Oliver's

disabling condition and with recent surgeries undergone by herself and her son Michael.

Ms. Anthony avers that Oliver's medical expenses in 2003-2004 were $165,000.00, with

an additional doctor's bill of $13,000.00.  However, Ms. Anthony substantiates none of her

financial allegations and her motion in opposition remains silent on the broader scope of

her revenue and expenses.

Ms. Anthony bears the burden of establishing circumstances sufficient to overcome

the strong presumption favoring taxing costs against her.  White & White, 789 F.2d at 732.

In White & White, the Sixth Circuit delineated circumstances which might justify the Court's

exercise of its discretion to deny costs, including:

4

(1)     Cases in which the prevailing party's taxable expenditures are unnecessary or
        unreasonably large;

(2)     Cases in which the prevailing party should be penalized for unnecessarily
        prolonging the trial or for injecting unmeritorious issues;

(3)     Cases in which the prevailing party's recovery is so insignificant that the judgment
        amounts to a victory for the losing party; and

(4)     Cases that are "close and difficult."

Id. at 730.  Not only has Ms. Anthony not provided the Court any evidence that such

circumstances prevailed, but the plaintiff has not even alleged that any of the enumerated

circumstances occurred.

        The courts are quite clear that to establish a claim of indigency requires a claimant

to provide specific evidence beyond that which Ms. Anthony places before this Court.

See, e.g., McGill v. Faulkner, 18 F.3d 456, 459 (7th Cir. 1994) (finding that mere

allegations of indigency without documentary support is insufficient to oppose an award of

costs); Jack-Goods v. State Farm Mut. Auto. Ins. Co., 2004 WL 1672864, at *2 (N.D. Ill.

2004) (unsworn, conclusory assertions of economic circumstances are not evidence and

are insufficient to show indigency).  Indeed, not only must Ms. Anthony support her

allegations with sworn documentation, but this Court may exercise its discretion pursuant

to Rule 54(d)(1) only on the basis of such factual findings.  See, Phelan v. Bell, 8 F.3d 369,

375 (6th Cir. 1993) (citing Goosetree v. Tennessee, 796 F.2d 854, 863-64 (6th Cir. 1986).[4]

---

        [4]The plaintiff has indicated that she was aware of the need to document her financial allegations.  In
her Motion for Extension of Time to File Affidavit of Indigency, Ms. Anthony relied upon Phelan in
acknowledging that she needed to provide evidence of indigency.  In her Motion she represented that the
extension would provide her the time necessary to file an affidavit which would "detail[] Plaintiff's incapability
of paying costs at this time or in the future." (ECF #78).

While the Court remains sympathetic to Ms. Anthony's professed difficult economic circumstance, she has, nevertheless, failed to establish the narrow indigency exception to an award of costs.  The summary assertions set forth in the response are not evidence; and, she has not supplied an affidavit or other specific evidence showing indigency.  See McGill, 18 F.3d at 459; Jansen v. Packaging Corporation of America, 1997 WL 583063, at *1-2 (N.D. Ill.1997) (party claiming indigency must provide specific evidence demonstrating indigency).

Moreover, even if Ms. Anthony's unsworn statements show a current inability to pay costs, they would be insufficient to show an inability to pay "in the future," a showing that is required, as the plaintiff, herself, acknowledged in her Motion for Extension.  (ECF #78). The trajectory of this matter indicates that Ms. Anthony filed and prosecuted an appeal before the Sixth Circuit, that she was represented by counsel in that appeal, and that the Circuit taxed Sprint's appellate costs to her, which she did not challenge.  (ECF #76).  In addition, Ms. Anthony admitted, in her deposition, that she receives Supplemental Security Income benefits from the Social Security Administration for her son, Oliver, and that he is covered by Medicaid.  (Anthony Dep. Vol. I pp. 39-40).  The plaintiff's brief is silent, however, on the matter of whether Ms. Anthony is employable, whether she has sought to locate employment, whether her husband is employed or what his prospects are for the future.  Indeed, there is nothing in Ms. Anthony's submission to indicate that she will not be employed in the future, or that she will be unable to pay costs at that time.

Having determined that an award of costs would not be inequitable, this Court next considers the various items that Sprint seeks to recover.  The prevailing defendant has

6

limited its Motion for Costs to expenses associated with the nine depositions taken in this matter, each of which was relied upon and cited in the memoranda accompanying Sprint's Motion for Summary Judgment.  The bulk of the charged costs arose from Ms. Anthony's deposition which spanned three separate days.  Fees for deposition transcripts are taxable if they are "reasonably necessary for the litigation" and reasonableness is assessed at the time the deposition was taken.  Sales, 873 F.2d at 120; Barber v. Ruth, 7 F.3d 636, 645 (7th Cir. 1993).

Ms. Anthony does not specifically object to Sprint's request for reimbursement for the cost of duplicating transcripts for eight of the depositions.  The costs of duplicating documents necessarily obtained for use in the case are taxable pursuant to Section 1920(4).  BDT Products, Inc. v. Lexmark Intern., Inc., 405 F.3d 415, 419 (6th Cir. 2005).  This Court finds that Sprint is entitled to recover its reasonable costs permitted under Section 1920.  Sprint seeks a total of $748.90, which, for the reasons discussed below, this Court reduces to $742.90.

Nor does Ms. Anthony specifically object to the taxable declared costs associated with Sprint's deposing and preparing the transcripts of the plaintiff.  Section 1920(2) authorizes the recovery of costs incurred for court reporter fees and deposition transcripts "necessarily obtained for use in this case."  See Sales v. Marshall, 873 F.2d 115, 120 (6th Cir. 1989) (determining that § 1920(2) authorizes "taxing as costs the expenses of taking, transcribing, and reproducing depositions").  Sprint seeks to recover the court reporter fees for deposing and preparing transcripts of depositions of Ms. Anthony, which were conducted on 16 December 1999, 12 January 2000, and 15 January 2000, in the amount

7

of $2,408.31.  Sprint seeks a total of $2408.31, which, for the reasons set forth below, this Court reduces to $2380.41.

While the plaintiff does not specifically object to the postage and shipping and handling costs associated with obtaining the deposition transcripts, such overhead expenses are not taxable as costs under Section 1920.  Alexander v. CIT Tech. Fin. Servs., Inc., 222 F. Supp.2d 1087, 1092 (N.D. Ill. 2002).  Accordingly, this Court will disallow costs associated with postage and shipping the deposition transcripts, which total $33.90.  This Court will tax the plaintiff for the costs of preparing Ms. Anthony's deposition and duplicating the remainder of the depositions, a total of $3123.31.

### III. CONCLUSION

Having duly reviewed the parties' filings and applicable law, this Court grants in part and denies in part defendant's bill of costs.  Specifically, it disallows costs associated with postage and shipping of deposition transcripts.  The remainder of the costs requested by Sprint, a total of $3123.31, are reasonable and recoverable pursuant to Section 1920.  Accordingly, plaintiff Cathy Anthony shall forthwith pay Sprint $3123.31 for its litigation costs.

IT IS SO ORDERED.

                                    /s/ Lesley Wells
                              UNITED STATES DISTRICT JUDGE


Dated: 16 August 2005

8